IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS

| | |
|---|---|
| HD SUPPLY FACILITIES MAINTENANCE, LTD., a Florida Limited Partnership,<br><br>Plaintiff,<br><br>v.<br><br>CONQUEST ELECTRICAL CONTRACTING, LLC, a Texas limited liability company,<br><br>Defendant. | Civil Action No.:1:23-cv-00535-RP<br><br>Judge: Robert Pitman<br><br>Magistrate: |

## PLAINTIFF'S MOTION FOR FINAL DEFAULT JUDGMENT

Plaintiff, HD Supply Facilities Maintenance, Ltd. ("HD Supply"), pursuant to Federal Rule of Civil Procedure 55(b)(1), moves for entry of a default judgment against Defendant, Conquest Electrical Contracting, LLC ("Conquest"), and in support, states as follows:

1. HD Supply filed its Complaint in this action on May 15, 2023, asserting causes of action against Conquest for account stated and unjust enrichment, seeking damages for unpaid goods. (Dkt. 1).

2. Conquest was served with the Summons and Complaint in this action on June 3, 2024 (Dkt. 8). Conquest failed to file or serve a response to the Complaint. Accordingly, based on HD Supply's Motion for Clerk's Entry of Default (Dkt. 9), on November 1, 2024, the Clerk entered a Default against Conquest. (Dkt. 10).

3. By virtue of the Clerk's entry of the Default against Conquest, Conquest has admitted the factual allegations in HD Supply's Complaint. *See, e.g., RLI Ins. Co. v. 2 G Energy Sys., LLC*, 581 F. Supp. 3d 817, 823 (W.D. Tex. 2020).

4.      Further, Federal Rule of Civil Procedure 55(b)(1) provides:

If the plaintiff's claim is for a sum certain or a sum that can be made certain by computation, the clerk—on the plaintiff's request, with an affidavit showing the amount due—must enter judgment for that amount and costs against a defendant who has been defaulted for not appearing and who is neither a minor nor an incompetent person.

5.      In the instant case, the well-pled factual allegations of HD Supply's Complaint, which are now admitted, together with the Declaration of Amy Dedmon ("Dedmon Dec.") (attached hereto as **Exhibit 1**), demonstrate that Conquest failed to pay HD Supply for goods delivered to Conquest as follows:

  a. Conquest purchased goods from HD Supply, as assignee of Home Depot U.S.A., Inc. d/b/a The Home Depot Pro, in the principal amount of $99,717.28 between April 15, 2022 and June 23, 2022. (Dedmon Dec. at ¶ 2).

  b. On or about December 22, 2022, HD Supply, through its counsel, sent a demand letter to Conquest (the "Demand Letter") which enclosed a statement of account reflecting an itemization of invoices (the "Invoices") and outstanding balances for each purchase by Conquest (the "Account Statement"). The Account Statement is attached to this Motion as **Exhibit 2**. The Demand Letter made demand for payment of $99,717.28, plus a 1.5% service charge added to each past due balance as set forth in the Account Statement in the amount of $1,495.75. (Dedmon Dec. at ¶ 3).

  c. Each of the Invoices referenced in the Account Statement, identified by Invoice number, was provided to Conquest contemporaneous with the Invoice date reflected in the Account Statement. (Dedmon Dec. at ¶ 4).

  d. Conquest has not made any objections to any of the Invoices, nor has Conquest made any payments to HD Supply for the total amount due. (Dedmon Dec. at ¶ 5).

      e. To date, the total amount due from Conquest to HD Supply is $101,213.03. (Dedmon Dec. at ¶ 6).

6.    As of May 15, 2023, Conquest owed HD Supply the principal sum of $99,717.28 as a result of its failure to pay, a 1.5% service charge added to each past due balance as set forth in the Account Statement in the amount of $1,495.75, plus accrued prejudgment interest, due to Conquest's beneficial use of the damage funds. "Under 28 U.S.C. § 1961(a), in diversity cases, post-judgment interest is calculated at the federal rate, while pre-judgment interest is calculated under state law." *Bos. Old Colony Ins. Co. v. Tiner Assocs. Inc.*, 288 F.3d 222, 234 (5th Cir. 2002). In determining a party's award of prejudgment interest, the Fifth Circuit, applying Texas law in *Matter of Okedokun*, 968 F.3d 378 (5th Cir. 2020), has held:

> The Texas Supreme Court recognizes two separate bases for the award of prejudgment interest: (1) an enabling statute; and (2) general principles of equity. Statutory prejudgment interest applies only to judgments in wrongful death, personal injury, property damage, and condemnation cases. On the other hand, equitable prejudgment interest, which focuses on the need to compensate a plaintiff for the defendant's beneficial use of the damage funds between the time the injury occurred and the time the judgment was rendered, is available as a matter of course, absent exceptional circumstances.

*Id.* at 392 (noting "Statutory prejudgment interest applies only to judgments in wrongful death, personal injury, property damage, and condemnation cases."). The Court continued, "The trial court may exercise its discretion to forego an award of prejudgment interest in the presence of 'exceptional circumstances,' but those circumstances must be explained. The failure to explain the presence of exceptional circumstances is grounds for remand." *Id.* The Fifth Circuit has further explained that "(1) exceptional circumstances exist for reducing an award of interest, even to the point of elimination, only if the trial court cannot address through other means any equitable concerns that favor the defendant; and (2) if a trial court finds such exceptional circumstances, it should explain them." *Joy Pipe, USA, L.P. v. ISMT Ltd.*, 703 F. App'x 253, 257–58 (5th Cir. 2017)

(internal citations omitted); *see Advocare Intern. LP v. Horizon Labs., Inc.*, 524 F.3d 679, 690 (5th Cir. 2008) (directing calculation for prejudgment interest under Texas law on claim for account stated).

7. When prejudgment interest is awarded in Texas, it is generally awarded at the post-judgment interest rate, beginning to accrue "on the earlier of: (1) 180 days after the date a defendant received written notice of a claim, or (2) the date suit is filed." *See Sw. Elec. Contracting Services, Ltd. v. Indus. Accessories Co.*, No. MO:18-CV-00123-DC, 2022 WL 1468384, at *49 (W.D. Tex. May 10, 2022) (allowing prejudgment interest to accrue at the same rate as post-judgment interest for prevailing breach of contract claim) (quoting and applying Tex. Fin. Code § 304.104 in breach of contract action). Section 304.003(c)(2) of the Texas Finance Code provides that the post-judgment interest rate in Texas is "five percent a year if the prime rate as published by the Board of Governors of the Federal Reserve System described by Subdivision (1) is less than five percent." HD Supply therefore requests that the prejudgment interest accrue at the statutory rate for post-judgment interest from May 15, 2023 through the date of judgment.

8. HD Supply has incurred costs in the total amount of $1,092.00 for court filing fees ($402.00) and service of process ($690.00). (Dedmon Dec. at ¶ 7).

9. Accordingly, HD Supply's claims against Conquest are for a sum certain, as alleged in the Complaint and detailed above. Moreover, Conquest is not a minor or incompetent person. As such, pursuant to Federal Rule of Civil Procedure 55(b)(1), HD Supply requests that the Clerk enter a default judgment against Conquest for the amounts set forth herein.

10. Pursuant to the Tx. Civ. Prac. & Rem. § 38.001, HD Supply is entitled to recover its reasonable attorneys' fees incurred in this action. Upon entry of judgment, HD Supply will

comply with the applicable Local Rules and file an appropriate motion to determine its entitlement to and the amount of its attorneys' fees.

WHEREFORE, HD Supply respectfully requests the Clerk of Court enter a default judgment against Conquest comprised of: principal of $99,717.28; a service charge in the amount of $1,495.75; prejudgment interest at the statutory rate for post-judgment interest that accrues from May 15, 2023 through the date of the judgment; and court costs of $1,092.00, with the total judgment to accrue post-judgment interest at the applicable federal rate under 28 U.S.C. § 1961(a)., and for such other and further relief as the Court deems just and proper.

DATED: January 23, 2025              SMITH, GAMBRELL & RUSSELL, LLP

By: */s/ Richard D. Rivera*
Scott S. Gallagher
Florida Bar No. 371970
Email: ssgallagher@sgrlaw.com
Richard D. Rivera
Florida Bar No. 108251
Email: rrivera@sgrlaw.com
50 North Laura St, Suite 2600
Jacksonville, FL 32202
(904) 598-6111
(904) 598-6211 fax

*Attorneys for Plaintiff HD Supply Facilities Maintenance, Ltd.*

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on January 23, 2025, a true and correct copy of the foregoing was filed via CM/ECF and was served via US Mail to the Texas Secretary of State.

*/s/ Richard D. Rivera*
Attorney

# EXHIBIT 1

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS

| | |
|---|---|
| HD SUPPLY FACILITIES MAINTENANCE, LTD., a Florida Limited Partnership,<br><br>Plaintiff,<br><br>v.<br><br>CONQUEST ELECTRICAL CONTRACTING, LLC, a Texas limited liability company,<br><br>Defendant. | Civil Action No.:1:23-cv-00535-RP<br><br>Judge: Robert Pitman<br><br>Magistrate: |

### **DECLARATION OF AMY DEDMON**

I, Amy Dedmon, declare under penalty of perjury that the following facts are true and correct to the best of my knowledge, information, and belief.

1. I am, and at all times related to the facts set forth in this declaration, have been the Senior Manager, Credit and Collections of HD Supply Facilities and Maintenance, Ltd. ("HD Supply").

2. Between April 15, 2022 and June 23, 2022, Conquest Electrical Contracting, LLC ("Conquest") purchased goods from HD Supply, as assignee of Home Depot U.S.A., Inc. d/b/a The Home Depot Pro, in the principal amount of $99,717.28.

3. On or about December 22, 2022, HD Supply, through its counsel, sent a demand letter to Conquest (the "Demand Letter") which enclosed a statement of account reflecting an itemization of invoices (the "Invoices") and outstanding balances for each purchase by Conquest (the "Account Statement"). The Demand Letter made demand for payment of $99,717.28, plus a

1.5% service charge added to each past due balance as set forth in the Account Statement in the amount of $1,495.75.

4. Each of the Invoices referenced in the Account Statement, identified by Invoice number, was provided to Conquest contemporaneous with the Invoice date reflected in the Account Statement.

5. Conquest has not made any objections to any of the Invoices, nor has Conquest made any payments to HD Supply for the total amount due.

6. To date, the total amount due from Conquest to HD Supply is $101,213.03.

7. As a result, HD Supply filed its Complaint in this action on May 15, 2023, asserting causes of action against Conquest for account stated and unjust enrichment, seeking damages for unpaid goods. HD Supply has since incurred costs in the total amount of $1,092.00 for court filing fees ($402.00) and service of process ($690.00).

DATED: 1/16/25

AMY DEDMON

# EXHIBIT 2



formerly Barnett

Po Box 2317
Jacksonville FL 32207

FOR BILLING AND OTHER INQUIRIES
CALL: 800-288-2000
FAX:  800-288-2828



formerly Barnett

# STATEMENT

PAGE 0001 OF 0001

| STATEMENT DATE | 12/15/22 |
|---|---|
| ACCOUNT NUMBER | 1323258 |

WEB: www.HomeDepotPro.com/Trades

| STATEMENT DATE | 12/15/22 |
|---|---|
| ACCOUNT NUMBER | 1323258 |

CONQUEST ELECTRICAL CONTRACTIN

**PLEASE RETURN THIS STUB
WITH YOUR REMITTANCE TO:**

CONQUEST ELECTRICAL CONTRACTIN
12307 ROXIE DR
UNIT 107
AUSTIN TX 78729

THE HOME DEPOT PRO SPECIALTY TRADES
PO BOX 404284
ATLANTA GA 30384-4284

**PLEASE INDICATE INVOICES BEING PAID
BY YOUR REMITTANCE WITH AN "X"**

| LINE | DATE | DESCRIPTION | INVOICE/REF NO. | CUSTOMER P.O. | ITEM BALANCE | X | INVOICE/REF NO. | ITEM BALANCE |
|---|---|---|---|---|---|---|---|---|
| 1 | 04/15/22 | INVOICE | 680282290 | Lago 15 | 17,257.81 | | 680282290 | 17,257.81 |
| 2 | 05/04/22 | INVOICE | 683687099 | 60KW Edgemont | 17,257.81 | | 683687099 | 17,257.81 |
| 3 | 05/04/22 | INVOICE | 683687107 | EDGEMONT | 17,257.81 | | 683687107 | 17,257.81 |
| 4 | 06/02/22 | INVOICE | 688798537 | LAGO 15 | 12,285.29 | | 688798537 | 12,285.29 |
| 5 | 06/23/22 | INVOICE | 692656671 | Edgemont | 18,400.75 | | 692656671 | 18,400.75 |
| 6 | 06/23/22 | INVOICE | 692656689 | Lake Cliff Cou | 17,257.81 | | 692656689 | 17,257.81 |

| CURRENT INVOICES | 1 - 30 DAYS PAST DUE | 31 - 60 DAYS PAST DUE | OVER 60 DAYS PAST DUE | AMOUNT DUE |
|---|---|---|---|---|
| 0.00 | 0.00 | 0.00 | 99,717.28 | 99,717.28 |

| AMOUNT DUE |
|---|
| 99,717.28 |

RETAIN THIS PORTION OF THE STATEMENT FOR YOUR RECORDS

A 1.5% SERVICE CHARGE WILL BE ADDED TO ALL PAST DUE BALANCES. TERMS ARE BASED ON INVOICE DATE. NO DISCOUNT ALLOWED FOR PAYMENTS MADE BY CREDIT CARD. TERMS AND CONDITIONS FROM CURRENT CATALOG APPLY.

RETURN THIS PORTION WITH YOUR REMITTANCE