UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| **HD SUPPLY FACILITIES MAINTENANCE, LTD.,** *Plaintiff* | § § § § |
| v. | §  No. 1:23-CV-535-RP § |
| **CONQUEST ELECTRICAL CONTRACTING, LLC,** *Defendant* | § § § § § |

**REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

TO:   THE HONORABLE ROBERT PITMAN
       UNITED STATES DISTRICT JUDGE

Before the Court is Plaintiff HD Supply Facilities Maintenance, Ltd.'s ("HD") Motion for Default Judgment, Dkt. 12. After reviewing HD's motion and the relevant case law, the undersigned recommends that the motion be granted.

## I.   BACKGROUND

HD brings state-law claims for account stated and unjust enrichment against Defendant Conquest Electrical Contracting, LLC ("CEC") based on CEC's failure to pay invoices for goods it purchased from HD. Dkt. 1, at 2-4. CEC purchased goods from HD six times, and HD provided CEC with an invoice following each transaction. Dkts. 1, at 3; 1-1, at 4. Although HD did not object to any of the invoices and initially agreed to pay the balance owed, it never ultimately paid HD for the invoiced transactions totaling $101,213.03, including a service charge applied to past-due balances. Dkt. 1, at 3. When CEC failed to respond to HD's complaint or otherwise

1

appear in this lawsuit, HD moved for entry of default, which the Clerk of Court entered. Dkts. 9; 10. HD now moves for default judgment against CEC, seeking damages in the amount of the unpaid invoices, attorneys' fees and costs, as well as prejudgment and post-judgment interest. Dkt. 12, at 5.

## II.     LEGAL STANDARD

Under Rule 55 of the Federal Rules of Civil Procedure, federal courts have the authority to enter a default judgment against a defendant that has failed to plead or otherwise defend itself. Fed. R. Civ. P. 55(a)-(b). That said, "[d]efault judgments are a drastic remedy, not favored by the Federal Rules and resorted to by courts only in extreme situations." *Sun Bank of Ocala v. Pelican Homestead & Sav. Ass'n*, 874 F.2d 274, 276 (5th Cir. 1989). A party is not entitled to a default judgment simply because the defendant is in default. *Ganther v. Ingle*, 75 F.3d 207, 212 (5th Cir. 1996). Rather, a default judgment is generally committed to the discretion of the district court. *Mason v. Lister,* 562 F.2d 343, 345 (5th Cir. 1977).

In considering HD's motion, the Court must determine: (1) whether default judgment is procedurally warranted; (2) whether HD's complaint sets forth facts sufficient to establish that it is entitled to relief; and (3) what form of relief, if any, HD should receive. *United States v. 1998 Freightliner Vin #: 1FUYCZYB3WP886986*, 548 F. Supp. 2d 381, 384 (W.D. Tex. 2008); *see also J & J Sports Prods., Inc. v. Morelia Mexican Rest., Inc.*, 126 F. Supp. 3d 809, 813 (N.D. Tex. 2015) (using the same framework).

### III.  DISCUSSION

#### A.  Procedural Requirements

To determine whether entry of a default judgment is procedurally warranted, district courts in the Fifth Circuit consider six factors: "[1] whether material issues of fact are at issue, [2] whether there has been substantial prejudice, [3] whether the grounds for default are clearly established, [4] whether the default was caused by a good faith mistake or excusable neglect, [5] the harshness of a default judgment, and [6] whether the court would think itself obliged to set aside the default on the defendant's motion." *Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998).

On balance, the *Lindsey* factors weigh in favor of entering a default judgment against CEC. Because CEC has not filed a responsive pleading, there are no material facts in dispute. *See Nishimatsu Constr. Co., Ltd. v. Hous. Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975) ("The defendant, by his default, admits the plaintiff's well-pleaded allegations of fact."). CEC's failure to appear and respond has ground the adversary process to a halt, prejudicing HD's interest in pursuing its claim for relief. *See J & J Sports*, 126 F. Supp. 3d at 814 ("Defendants' failure to respond threatens to bring the adversary process to a halt, effectively prejudicing Plaintiff's interests.") (internal citation and quotation marks omitted). The grounds for default are established: CEC was properly served and has failed to appear and participate at all, much less timely file a responsive pleading. *See* Dkts. 8; 9; 10. There is no indication that the default was caused by a good-faith mistake or excusable neglect. The undersigned therefore finds that default judgment is procedurally warranted.

B.   **Sufficiency of HD's Complaint**

Default judgment is proper only if the well-pleaded factual allegations in HD's complaint establish a valid cause of action. *Nishimatsu Constr. Co.*, 515 F.2d at 1206. By defaulting, a defendant "admits the plaintiff's well-pleaded allegations of fact." *Id*. In determining whether factual allegations are sufficient to support a default judgment, the Fifth Circuit employs the same analysis used to determine sufficiency under Rule 8. *Wooten v. McDonald Transit Assocs., Inc.*, 788 F.3d 490, 498 (5th Cir. 2015). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The factual allegations in the complaint need only "be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Wooten*, 788 F.3d at 498 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). While "detailed factual allegations" are not required, the pleading must present "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id*. (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

HD brings claims against CEC for account stated and unjust enrichment. Dkt. 1, at 3-4. Under Texas law, a plaintiff must allege the following elements to state a claim for account stated: "(1) transactions between the parties gave rise to indebtedness of one to the other; (2) an agreement, express or implied, between the parties fixed an amount due; and (3) the one to be charged made a promise, express or implied, to pay the indebtedness." *Arshad v. Am. Express Bank, FSB*, 580 S.W.3d 798, 803 (Tex. App.—Houston [14th Dist.] 2019, no pet.) (citing *Busch v. Hudson &*

4

*Keyse, LLC*, 312 S.W.3d 294, 299 (Tex. App.—Houston [14th Dist.] 2010, no pet.)). The type of transactions that have historically been asserted for account-stated claims are instances when, as here, the "parties have an ongoing business relationship with a series of transactions back and forth as part of an open running account." *Advanced Gas & Equip., Inc. v. Airgas USA, LLC*, No. 14-16-00464-CV, 2017 WL 3442430, at *3 (Tex. App.—Houston [14th Dist.] Aug. 10, 2017, pet. denied). HD has sufficiently stated a claim for account stated by alleging: (1) transactions for the sale of goods whereby CEC became indebted to HD; (2) an agreement between HD and CEC as to the amount due for the transactions; and (3) CEC's representation that it planned to pay the amount due under the invoices for the transactions. Dkt. 1, at 2-3.

Under Texas law, a plaintiff must plead the following elements to state a claim for unjust enrichment: "(1) that valuable services were rendered or materials furnished; (2) for the person sought to be charged; (3) which services and materials were accepted by the person sought to be charged, used, and enjoyed by that person; and (4) under such circumstances as reasonably notified the person sought to be charged that the plaintiff in performing such services was expecting to be paid by the person sought to be charged." *Jupiter Enters., Inc v. Harrison*, No. 05-00-01914-CV, 2002 WL 318305, at *3 (Tex. App.—Dallas Mar. 1, 2002, no pet.). HD has similarly stated a claim for unjust enrichment by alleging that it provided valuable goods to CEC, which CEC accepted, and that HD reasonably expected to be paid for such goods by issuing invoices that CEC acknowledged and agreed to pay. Dkt. 1, at 2, 4.

5

HD's factual allegations and the record before the undersigned are enough to raise HD's right to relief above a speculative level as to its claims against CEC. *Wooten*, 788 F.3d at 498. The undersigned finds that default judgment is substantively warranted as to an entry of judgment on HD's causes of action for account stated and unjust enrichment.

**C.     Relief**

    1.   *Damages*

HD requests damages in the amount of $101,213.03, reflecting the payments due pursuant to the invoices issued for the transactions, as well as a service charge for late payment. Dkts. 1, at 2; 1-2, at 2; 12, at 2, 7-8, 10. Texas courts award damages on account-stated claims based on the agreement "between the parties [which] fixed an amount due," and similarly award damages on unjust-enrichment claims based on the benefit the defendant unfairly obtained from the plaintiff. *Arshad*, 580 S.W.3d at 803; *Villarreal v. Grant Geophysical, Inc.*, 136 S.W.3d 265, 270 (Tex. App.—San Antonio 2004, pet. denied) ("'Unjust enrichment' characterizes the result or failure to make restitution of benefits received[.]") HD presented evidence that CEC agreed to pay for invoices totaling $99,717.28 (excluding the late-payment service charge) and obtained a benefit of that amount in the form of the goods it received from HD. Dkts.1-2, at 2; 12, at 7-8, 10. An award of damages in that amount (plus the service charge) thus reflects both the amount agreed upon between the parties and the restitution owed to HD for the goods it provided to CEC. *See Arshad*, 580 S.W.3d at 803;

*Villarreal*, 136 S.W.3d at 270. The undersigned recommends that the District Judge grant HD's requested damages of $101,213.03.

    2.    *Attorneys' Fees*

HD argues that it is entitled to attorneys' fees for performing legal services in this matter under Texas Civil Practice and Remedies Code section 38.001 and indicates that it will file a motion to such fees upon entry of judgment. Dkts. 1, at 4; 12, at 4-5. The undersigned thus finds that it unnecessary to make a recommendation regarding HD's entitlement to attorneys' fees at this time.

    3.    *Interest*

HD also requests prejudgment and post-judgment interest. Dkt. 12, at 5. Texas law governs the award of prejudgment interest in diversity cases. *Meaux Surface Prot., Inc. v. Fogleman*, 607 F.3d 161, 172 (5th Cir. 2010). While no statute governs the award of prejudgment interest for quasi-contract cases, equitable prejudgment interest is available "as a matter of course." *Matter of Okedokun*, 968 F.3d 378, 392 (5th Cir. 2020) (stating that statutory prejudgment interest applies only in cases of wrongful death, personal injury, property damage, and condemnation); *see also* Tex. Fin. Code §§ 304.102, 304.201. District courts may only exercise their discretion to forgo an award of prejudgment interest when there are "exceptional circumstances." *Id.* There are no exceptional circumstances that counsel against awarding prejudgment interest here. Thus, the undersigned recommends that HD be awarded prejudgment interest at the prime rate established by the Federal Reserve from the

date HD initiated this action until the day preceding the date the District Judge enters final judgment.[1]

Federal law applies to the award of post-judgment interest. *See Travelers Ins. v. Liljeberg Enters., Inc.*, 7 F.3d 1203, 1209 (5th Cir. 1993) (citing *Chapman & Cole v. Itel Container Int'l B.V.*, 865 F.2d 676, 689 (5th Cir. 1989)). In particular, "[i]nterest shall be allowed on any monetary judgment in a civil case recovered in a district court." 28 U.S.C. § 1961(a). Therefore, HD should receive post-judgment interest on the entire amount of the final judgment as calculated pursuant to § 1961.

## IV.   RECOMMENDATION

In accordance with the foregoing discussion, the undersigned **RECOMMENDS** that the District Judge **GRANT** HD's Motion for Default Judgment, Dkt. 12. Specifically, the undersigned recommends that the District Judge enter default judgment against CEC and grant HD its requested monetary damages, including prejudgment and post-judgment interest.

The referral of this case to the Magistrate Judge should now be **CANCELED.**

---

[1] *See Int'l Turbine Servs., Inc. v. VASP Brazilian Airlines*, 278 F.3d 494, 499 (5th Cir. 2002) ("Texas common law allows prejudgment interest to accrue at the same rate as postjudgment interest."); Tex. Fin. Code § 304.003(c)(2) (providing that the post-judgment interest rate is "the prime rate as published by the Board of Governors of the Federal Reserve System on the date of computation"); *id.* § 304.104 (except as otherwise provided by statutes inapplicable here, "prejudgment interest accrues on the amount of a judgment during the period beginning on the earlier of the 180th day after the date the defendant receives written notice of a claim or the date the suit is filed and ending on the day preceding the date judgment is rendered. Prejudgment interest is computed as simple interest and does not compound").

## V. WARNINGS

The parties may file objections to this report and recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Judge need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this report within fourteen days after the party is served with a copy of the report shall bar that party from *de novo* review by the District Judge of the proposed findings and recommendations in the report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Judge. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

SIGNED March 4, 2025.

                                                    DUSTIN M. HOWELL
                                                    UNITED STATES MAGISTRATE JUDGE